UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN G. FRASER,

        Plaintiff,                            Case No. 05-60164

vs.

                                        DISTRICT JUDGE JOHN CORBETT O'MEARA
                                        MAGISTRATE JUDGE STEVEN D. PEPE

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION TO GRANT ATTORNEY FEES

This Court, in an Order dated August 11, 2006, granted Plaintiff's motion for summary judgment in part, and directed additional remand proceedings (Dkt. #16). Those additional proceedings resulted in a Fully Favorable Decision by the Administrative Law Judge dated November 29, 2007, awarding Social Security Insurance Disability Benefits and Supplemental Income Benefits. The Agency withheld from Plaintiff's past-due benefits in his Disability Insurance Benefits 25% or $19,421.50.

On April 17, 2008, Plaintiff's counsel moved the Court pursuant to 42 U.S.C. § 406(b) for authorization of attorney fees for Federal Court representation in this case in the total amount of $7,880.00 for 19.7 hours of work at the U.S. District Court level only in the Disability Insurance Benefits portions of this case, " with the balance of the fee being Petitioned at the Administrative level when work is complete on Supplemental Security Income for the Claimant and the auxiliaries' portion of the Disability Insurance Benefits" (Dkt. #18). The present motion was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on May 15, 2008

(Dkt. #19).

42 U.S.C. § 406 (b)(1)(A), allows an attorney fee of up to "25% of the total past due benefits to which the Claimant is entitled" by reason of the Court's judgment. On March 13, 2008, the Social Security Administration issued the award notice calculating Plaintiff's benefits, and indicated that it withheld 25% of these past due benefits pursuant to that partial award, or $19,421.50 (Dkt. #18, Ex. C). There is no indication from the portions of the notice provided that any amount has yet been paid as the fee for representation at the agency level.

Plaintiff's fee contract with counsel for court representation agrees to payment of 25% of the past-due benefits (Dkt. #18, Ex. D). Plaintiff's attorney requests authorization of attorney fees for Federal Court representation in this case in the total amount of $7,880.00, be approved as a reasonable attorney fee, as was agreed to by Plaintiff. Plaintiff's counsel's motion is supported by a brief, an itemized statement of time spent on this case by Plaintiff's attorney, a copy of the Federal Court Fee Agreement signed by Plaintiff and applicable portions of the Social Security Administration award notice. Moreover, neither Plaintiff nor Defendant has filed an objection to the attorney fees requested by Plaintiff's counsel pursuant to 42 U.S.C. § 406(b).

Despite the absence of any objection by Defendant, a district court must review each case to determine the amount of a reasonable fee, and clearly state the basis for its determination. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 1828-29 (2002); *Glass v. Secretary of HHS*, 822 F.2d 19 (6th Cir. 1987); *Dearing v. Secretary of HHS*, 815 F.2d 1082 (6th Cir. 1987); *In re Horenstein*, 810 F.2d 73 (6th Cir. 1986).

In *Hayes v. Secretary of HHS*, 923 F.2d 418 (6th Cir. 1990), the Sixth Circuit clarified its previous position in *Rodriquez v. Bowen*, 865 F.2d 739 (6th Cir. 1989) (*en banc*), by explicitly

2

setting forth the starting point for district courts analyzing fee petitions when a contingency fee agreement exists between the attorney and the Social Security claimant. The Sixth Circuit stated:

> We believe that, under *Rodriquez*, a windfall can never occur when, in a case where a contingent fee contract exists, the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.

*Id.* (footnotes omitted). In these circumstances, attorney fees in the amount of 25% of past due awards are *per se* reasonable. *Id.* The Supreme Court decision of *Gisbrecht v. Barnhart*, *supra*, is consistent with *Hayes*. *Gisbrecht* upholds awards under contingent fee agreements in social security cases if the fee amount is reasonable; *Hayes* provides a formula to determine such reasonableness.

If the calculated hourly rate is above this "floor" (of twice the standard rate), then the court may consider arguments designed to rebut the reasonableness of the requested attorney's fees. Following the dictates of *Hayes*, the first step is to obtain the hypothetical hourly rate for this case.

Here, Plaintiff's counsel indicates he spent 19.7 hours working on this case at the U.S. District Court level. Dividing his fee request by the number of hours worked ($7,880.00/19.7 hours) results in an hourly rate of $400. According to the State Bar of Michigan Journal, Mr. White has been licensed to practice law in Michigan since 1975. He is a highly regarded specialist in the field of public benefits..

The Court has examined the most recent Economics of Law Practice survey issued by the State Bar of Michigan to determine the prevailing market rate. *See* 2007 State Bar of Michigan Economics of Law Practice. The State Bar survey indicates that for Michigan attorneys with

thirty to thirty nine years in practice the average hourly rate is $200. Accordingly, Mr. White's rate equals the "floor" rate, but is not above it. Therefore, Mr. White's fee request is *per se* reasonable.

Having reviewed Plaintiff's counsel's motion and submissions, and for the reasons stated above, **IT IS RECOMMENDED** that the present motion be **GRANTED**. It is **FURTHER RECOMMENDED** that Plaintiff's counsel, WM. Michael White, P.C. be awarded attorney fees in the amount of $7,880.00 from Plaintiff's past due Social Security Disability benefits pursuant to 42 U.S.C. §406 for his representation at the U.S. District Court level. Plaintiff's counsel has indicated he will petition for the balance of his fee at the administrative level when work is complete on Supplemental Security Income for the Plaintiff and the auxiliaries' portion of the Disability Insurance Benefits. The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local, 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless

by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 30, 2008         s/Steven D. Pepe  
Ann Arbor, Michigan       United States Magistrate Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 30, 2008.

s/ Alissa Greer  
Case Manager to Magistrate  
Judge Steven D. Pepe  
(734) 741-2298